THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD
COMPANY, PLAINTIFF IN ERROR, v. NUNEY, DEFENDANT
IN ERROR.

1. BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.
An instruction in an action against a railroad company to recover for
  personal injuries, which casts upon the plaintiff the burden of proof
  to show that he was not guilty of contributory negligence, is erro-
  neous.

2. CONTRIBUTORY NEGLIGENCE.
Negligence on the part of a railroad company will not excuse a traveler
  approaching a crossing from using proper care to avoid danger, and
  there can be no recovery if he fails so to do, if such failure contrib-
  utes to the injury.

3. NEGLIGENCE—DEGREE OF CARE.
A person about to cross a railroad track is bound to exercise greater
  care when the view of the track is obstructed than would be other-
  wise required.   Under such circumstances, he should if necessary
  stop and listen for approaching trains before attempting to cross.

*Error to the District Court of Arapahoe County.*

THIS action is brought by Edward Nuney to recover from
the plaintiff in error for personal injuries.   His claim is based
upon the same facts shown in case No. 2730, *The C. R. I.
& Pac. Ry. Co. v. Crisman, ante* p. 30.

Mr. WILLIAM HARRISON, Mr. A. E. PATTISON and Mr.
THOMAS H. EDSALL, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

Error is specially predicated upon the refusal of the court
to give the following instruction as prayed for:
  " Before the plaintiff can recover he must show,
  " 1. That the defendant was guilty of negligence.
  " 2. That Nuney was not guilty of negligence, and could

not have avoided the collision by the use of ordinary care on his part, for, if he could have avoided the accident by the use of ordinary care, then it is immaterial whether defendant was guilty of negligence or not, and in such case plaintiff cannot recover."

The court gave it with these words inserted: " Unless such negligence was gross."

The instruction is objectionable in so far as it cast the burden of proof upon Nuney to show that he was not guilty of contributory negligence, but in other respects correctly expressed the law. It was not refused, however, on that ground, but given as modified. This modification was clearly erroneous, as applied to the facts of the case. As was said in the case of *Crisman, ante,* that " Negligence on the part of a railroad company will not excuse a traveler approaching a crossing from using proper care on his part to avoid danger, and that there can be no recovery if he fails to do so, if such failure contributes to the injury. A qualification of this rule pertains only in cases where the railroad company has notice of the dangerous situation of the party injured in time to avoid collision by the exercise of ordinary care, and is ' guilty of such conduct as will imply an intent or willingness to cause the injury. ' No such state of facts exists in this case."

We think the court also erred in refusing the following instruction asked by plaintiff in error:

" If Nuney's view of the railroad track, in the direction from which the train was approaching, was obstructed to such an extent as to prevent him from seeing the approaching train from the wagon, then he was bound to use greater care than would have been required if the view had been unobstructed, and should, if necessary, have stopped the team and listened for approaching trains before driving on the crossing." *C. R. I. & Pac. Ry. Co. v. Crisman, ante,* p. 30.

In that case we held that this instruction as asked should have been given, and that as given therein, as modified, was erroneous. Under the law as therein declared this judgment must be reversed, and cause remanded for a new trial.

*Reversed.*